**Fatbardha XHANARI, Helion Xhanari, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

Nos. 04–4735–ag(L), 04–4736–ag(Con).

United States Court of Appeals, Second Circuit.

Oct. 23, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Aleksander Milch, Christophe & Associates, P.C., New York, New York, for Petitioner.

Alberto R. Gonzales, Attorney General, Randy G. Massey, Acting United States Attorney for the Southern District of Illinois, James M. Hipkiss, Assistant United States Attorney, Fairview Heights, Illinois, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Fatbardha and Helion Xhanari, through counsel, petition for review of the BIA decisions affirming the decision of Immigration Judge ("IJ") Matthew J. D'Angelo denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court reviews questions of law and the application of law to undisputed fact de novo. See Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).

Although the IJ assumed that Helion Xhanari testified credibly, the IJ also found that the harm Xhanari suffered did not constitute persecution and that Xhanari failed to demonstrate a nexus between that harm and a protected ground under the Immigration and Nationality Act ("INA"). In his decision, the IJ considered Xhanari's claim that, as a member and activist of the Association of Formerly Politically Persecuted Persons ("APPP"), he was persecuted because: 1) in 1993, when he and his father took part in a protest, the police came and told the participants not to hold further protests, and the police hit Xhanari two times with a baton and took many of the protestors, including Xhanari's father, to the police station; 2) in 1997, Xhanari was inside APPP headquarters when socialist groups with weapons entered the offices and remained there for 3/4 of an hour, damaging documents and other objects; 3) in 1998, during a demonstration, the police took Xhanari and some of his colleagues to a restaurant where the police detained them for one and a half hours, questioned them about the demonstration, and hit Xhanari "a few times" with their fists; 4) in 2001, after Xhanari gave a speech during a protest against the elections, the police stopped him and his father, threatened them, and hit them; and 5) after the incident in 2001, the police came to Xhanari's house looking for him, causing him and his wife to flee to the United States.

Based on these incidents, the IJ found that Xhanari failed to demonstrate past persecution, because the harm he suffered—which "essentially is, according to his testimony, that he was beaten by police following demonstrations which he concedes were illegal demonstrations in the sense that they were without permits"—did not rise to the level of persecution, and he did not show that the harm he suffered

was due to a protected ground under the INA. Although the IJ's characterization of the activities in which Xhanari was involved, and for which he suffered consequences, is basically accurate, the IJ's finding that Xhanari conceded that the three demonstrations he participated in were "illegal" is erroneous. On direct examination, Xhanari did not discuss the legality of these demonstrations and, although he was further questioned about the demonstrations on cross examination, he never stated that they were all illegal. Further, inasmuch as the IJ appears to have determined that, because the demonstrations Xhanari took part in were allegedly in violation of the law, the actions by the police could not constitute persecution, the IJ's determination is legally erroneous. *See Chang v. INS,* 119 F.3d 1055, 1060–61 (3d Cir.1997) (holding that an alien can be entitled to asylum based on a fear of prosecution under a law of general applicability, if the prosecution is motivated by one of the enumerated factors under the INA, and if the punishment is sufficiently serious to constitute persecution); *Sovich v. Esperdy,* 319 F.2d 21, 28 (2d Cir.1963) (finding that, while an applicant cannot ordinarily claim persecution in his or her native country based on conviction for a crime under the recognized judicial system of that country, under certain regimes, even traditional crimes may involve no moral turpitude, and, as such, a conviction for such crimes under that system may constitute persecution). Moreover, given Xhanari's testimony that the police detained and beat him in 1998 and 2001 on account of his political views, and that he fled Albania in 2001 after the police came looking for him because of those views, the IJ's finding of no nexus is erroneous.

Because the IJ based his denial of Xhanari's claim of a well-founded fear of persecution, and his claims for withholding of removal and CAT relief, on the finding that Xhanari failed to establish past persecution, and that finding is based on erroneous assumptions, the denial of those claims is also erroneous. On remand, the agency should determine whether Xhanari's testimony was credible and whether the incidents to which Xhanari credibly testified constitute, in the aggregate, persecution. If the agency determines that they do not constitute persecution, then it should reconsider Xhanari's claim to a well-founded fear of persecution, and for withholding of removal and CAT relief, based on all of the evidence in the record.

For the foregoing reasons, we GRANT the petitions, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motions for a stay of removal in these petitions are DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).